JULIA SMITH GIBBONS, Circuit Judge,
concurring.
I agree with the result in this case but am unable to endorse the majority’s reading of our unpublished, non-precedential case law. The majority uses language from our opinion in Sinani v. Holder, 418 Fed.Appx. 475 (6th Cir.2011), to craft a blanket rule that omissions from an asylum application can never form the basis for an adverse credibility determination *510 unless the omission “directly contradicts] an applicant’s subsequent testimony.” The creation of this rule overstates the holding of Sinani and, more importantly, of Liti v. Gonzales, 411 F.3d 631 (6th Cir.2005), on which Sinani purportedly relies.
Liti is directed to improper credibility determinations based on testimony that is more specific than the brief statements typically contained in an asylum application. The result of Liti turns on the sub-stantiality of the omissions. Id. at 637. Liti says nothing about whether testimony directly contracts an omission. In fact, common sense tells us that an omission cannot be in direct contraction with a later affirmative statement. And Liti recognizes that of course, “omissions may form the basis of an adverse credibility determination.” Id.
Although Sinani does contain the language cited by the majority and purports to draw this conclusion from Liti, what was at issue in Sinani was Sinani’s use of the more specific word “rape” in subsequent statements while the first version of her asylum application referred to “physical abuse.” As the Sinani panel correctly observed, there was no basis for an inconsistency finding because “physical abuse” does not exclude “rape.” 418 Fed.Appx. at 479.
In short, the language from Sinani on which the majority relies is not found in Liti, is not the basis for decision in Sinani, and is inconsistent with the reality that omissions do not “directly contradict” affirmative statements. As we have noted in a published opinion, Liti is appropriately characterized as a warning to “exercise[ ] extra care in evaluating omissions from asylum applications” given the “difficulties asylum seekers face in providing exhaustive accounts in asylum applications.” Shkabari v. Gonzales, 427 F.3d 324, 329 (6th Cir.2005).